**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LOUISE BLOUIN

Plaintiff,

-against-

CONDE NAST, VANITY FAIR, MELANIE BONVICINO, JGB CAPITAL L.P., BAY POINT CAPITAL PARTNERS II, L.P., and JOHN ALLERDING

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER

25 Civ. 5425 (GBD)

GEORGE B. DANIELS, United States District Judge:

Before this Court is Plaintiff's motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). (ECF No. 44.) The motion follows this Court's February 3, 2026, Memorandum Opinion and Decision, which dismissed Plaintiff's defamation claims for failure to state a claim upon which relief can be granted. (ECF No. 42.) Plaintiff's stated reasons for failing to timely appeal are that "[t]he attorney who had primary day-to-day responsibility for [this case] departed the Firm in January 2026, immediately prior to the post-judgment period" and "remaining counsel were engaged in active trial obligations . . . during the relevant period." (Mem. L. Supp. Mot. ("Pl. Mem."), ECF 45, at 5.)

A judgment in this case was entered on February 4, 2026. (ECF No. 43.) Under Federal Rule of Appellate Procedure 4(a)(1), Plaintiff's deadline to file a notice of appeal expired on March 6, 2026. Plaintiff filed the instant motion on March 30, 2026. (ECF No. 44.) As such, the Plaintiff is within the thirty-day time limit from the date of the original deadline to file a motion for extension of time under Federal Rule of Appellate Procedure 4(a)(5).

Parties moving under Federal Rule of Appellate Procedure 4(a)(5) must show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(ii). Here, Plaintiff argues that her failure to file a notice of appeal by the applicable deadline was a product of excusable neglect. (Pl. Mem. at 2.)

"The burden of proving excusable neglect lies with the late-claimant." *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005) (internal citation omitted). In the Second Circuit, courts evaluating excusable neglect consider four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1998)). The Second Circuit has clarified that the reason for the delay is "the most important *Pioneer* factor" and is afforded "dispositive weight." *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) ("[W]e have focused on the reason for the delay, including whether it was within the reasonable control of the movant despite the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension.") (citation modified). The Second Circuit has further noted that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose." *In re Enron Corp.*, 419 F.3d at 122–23 (internal citation omitted).

Here, Plaintiff has failed to carry her heavy burden of showing excusable neglect. Even assuming that *Pioneer* factors one, two, and four weigh in Plaintiff's favor, Plaintiff's stated reasons for missing the deadline were within her reasonable control and do not excuse her failure to adhere to filing deadlines. First, courts in this circuit have held that staffing turnover at a law firm, absent extraordinary circumstances, does not constitute excusable neglect. *See e.g.*,

*1199SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park*, No. 1:22-CV-00531 (LJL), 2022 WL 17251772 (S.D.N.Y. Nov. 28, 2022) (finding that "the loss of employees at [counsel's] law firm" did not "make his actions any less willful"); *Dixon v. A Better Way Wholesale Autos, Inc.*, No. 3:15-cv-691 (AWT), 2016 WL 6519116, at *2 (D. Conn. July 22, 2016), *aff'd*, 692 F. App'x 664 (2d Cir. 2017) (finding that two attorneys, who were primarily responsible for a case, leaving a law firm was insufficient to establish excusable neglect). Moreover, while Plaintiff claims that the departed attorney had primary responsibility for this case, Attorney Hantman, who continues to represent Plaintiff, is the only lawyer who has appeared for Plaintiff in this case. Mr. Hantman's inattention to this matter following the other attorney's departure does not constitute excusable neglect.[1] *See Pruitt v. Metcalf Eddy Inc.*, No. 03 Civ. 4780(DF), 2006 WL 760279, at *2 (S.D.N.Y. Mar. 24, 2006) (finding no "excusable neglect" where attorney misplaced notice of appeal after arranging for attorney service to pick up and file it, and then failed to follow up with attorney service to determine if the notice of appeal had been picked up and filed).

Plaintiff's second stated reason—that remaining counsel was engaged in active trial obligations—is also unavailing. "[P]reoccupation or an excessive workload does not typically render a mistake excusable." *In re Enron Corp.*, 419 F.3d at 126; *see also Mason v. Schriver*, No. 96 CIV. 6942 (LAP), 1999 WL 498221 (S.D.N.Y. July 13, 1999) ("Preoccupation with another trial and mere oversight are not reasons for delay that are sufficient to satisfy the standard for

[1] Defendants' counsel claims they met with Mr. Hantman on February 12, 2026, to discuss, among other things, the possibility of a settlement "should Plaintiff forego filing an appeal." Golodetz Decl., ECF No. 50 ¶ 4. On February 16, 2026, Defendants' counsel sent Mr. Hantman a letter memorializing this settlement offer. *Id.* Having received no response from Mr. Hantman, on March 13, 2026, Defendants' counsel wrote Mr. Hantman, this time explicitly noting that the "deadline to appeal the district court's decision has lapsed." *Id.* ¶ 6. On March 24, 2026, Defendants' counsel and Mr. Hantman spoke on the phone, during which Mr. Hantman "apologized for the delay and stated that he had not discussed the [February 16, 2026] offer with his client." *Id.* ¶ 7.

excusable neglect."). Accordingly, Plaintiff counsel's preoccupation with other trial obligations is not excusable neglect.

In short, the reasons for Plaintiff's delay were "within the reasonable control of the movant," *Pioneer*, 507 U.S at 395, and neither of Plaintiff's stated excuses constitute excusable neglect. This alone is sufficient to deny Plaintiff's motion. *See Alexander*, 5 F.4th at 151.

Plaintiff's motion for an extension of time to file a notice of appeal is DENIED. The Clerk of Court is directed to close the open motion at ECF No. 44.

Dated: April 8, 2026
New York, New York

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge